GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street
New York, New York 10004
(212) 847-8315
Jason L. Solotaroff
David O'Brien (pending admission)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GLENN BOYD,

                   Plaintiff,

        -against-                  **COMPLAINT**

                                       **JURY TRIAL DEMANDED**

AMATO PHARMACY CARE, INC.,
SPECIALTY CARE PHARMACY, INC.,
TOTAL CARE PHARMACY, and
LEE SEMENTILLI,

                   Defendants.

-------------------------------------------------------------------X

       Plaintiff Glenn Boyd, by his attorneys Giskan Solotaroff & Anderson LLP, for his complaint against Defendants Amato Pharmacy Care, Inc., Specialty Care Pharmacy, Inc., Total Care Pharmacy, and Lee Sementilli, alleges as follows:

### Nature of the Action and Preliminary Statement

1.     This is an action for race discrimination pursuant to 42 U.S.C. §1981 and the New York City Human Rights Law, N.Y. City Adm. Code § 8-101 *et seq.* ("NYCHRL"), unpaid overtime wages pursuant to Federal Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York Labor Law ("NYLL") Article 19, §650 *et seq.*, and supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. §142-2.2, and unpaid "spread of hours" wages

pursuant to New York Minimum Wage Act ("NYMWA") and its regulations, N.Y.C.R.R. § 142-2.4, against Amato Pharmacy, Inc. ("Amato Pharmacy"), Specialty Care Pharmacy, Inc. ("Specialty Care Pharmacy"), Total Care Pharmacy, and Lee Sementilli, by Plaintiff Glenn Boyd, an African-American man and a former employee at Amato Pharmacy, Specialty Care Pharmacy, and Total Care Pharmacy (collectively "the Sementilli Pharmacies"). All of these pharmacies were owned and operated by Tony Sementilli until his death in or about October 2021 and are currently owned and operated by Tony's brother, Defendant Lee Sementilli.

2.     Mr. Boyd was employed at the Sementilli Pharmacies for approximately ten years, from September 2011 to December 2021, when his employment was terminated.

3.     During this time period, Mr. Boyd regularly worked in excess of 10 hours per day and 40 hours per week but did not receive overtime or "spread of hours" pay even though he was not subject to any exemption from the overtime requirement under applicable law.

4.     Mr. Boyd performed all the duties of his position in a competent manner at all times during his employment. He was even given the title of store manager at Amato Pharmacy in 2016, although his primary duties remained non-managerial.

5.     When Mr. Boyd was assigned to work at Specialty Care Pharmacy, he worked under Defendant Lee Sementilli, who was the store manager at that location. Defendant Lee Sementilli subjected Mr. Boyd and the only other Black employee at the Sementilli Pharmacies to racist and degrading treatment.

6.     After becoming owner of the Sementilli Pharmacies, Defendant Lee Sementilli continued his racially motivated harassment of made Mr. Boyd perform and fired Mr. Boyd because of his race on or about December 29, 2021.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over the claims made pursuant to 42 U.S.C. § 1981 pursuant to 28 U.S.C. § 1331.

8.      This Court has subject matter jurisdiction over the claims made pursuant to the FLSA pursuant to 29 U.S.C. § 216(b).

9.      This Court has subject matter jurisdiction over the claims made pursuant to the NYCHRL, NYLL, and NYMWA pursuant to 28 U.S.C. §1367.

10.      This Court has personal jurisdiction over Defendant because it owns and operates Amato Pharmacy in this district.

11.      Venue is properly before this Court pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

12.      Plaintiff Glenn Boyd is an African American man who is a resident of The Bronx, New York.

13.      Defendants Amato Pharmacy, Inc., Specialty Care Pharmacy, Inc., and Total Care Pharmacy are, upon information, corporations registered to do business in the state of New York, with principal places of business located at 619 East 187th Street, The Bronx, New York 10458 (Amato Pharmacy), 4463 Third Avenue, The Bronx, New York 10457 (Specialty Care Pharmacy), and 1721 Crosby Avenue, The Bronx, NY 10461 (Total Care Pharmacy).

14.      Defendant Lee Sementelli is the owner and operator of the Sementelli Pharmacies.

3

15.     At all relevant times herein, Defendants Amato Pharmacy, Specialty Care Pharmacy, Total Care Pharmacy, and Defendant Lee Sementilli met the definition of an "employer" under all relevant statutes.

## THE FACTS

16.     Mr. Boyd began working at Amato Pharmacy in September 2011 as a Store Clerk. At the time, Amato Pharmacy was owned by Tony Sementilli, who also owned four other pharmacies: Specialty Care Pharmacy, Medical Care Pharmacy, and two pharmacies, both called Total Care Pharmacy.

17.     Based on the duties of the Store Clerk position, which consisted of clerical tasks involving little to no discretion and independent judgment, the position was not properly classified as exempt. His responsibilities included stocking shelves, cleaning the basement, working at the cash register, setting up window displays, and scraping stickers off of the floor.

18.     In 2015, Tony Sementelli asked Mr. Boyd to work as a Store Clerk at the Total Care Pharmacy located on Crosby Avenue in The Bronx. At the time, Tony Sementilli's brother Defendant Lee Sementilli was the Store Manager at that location. Mr. Boyd worked there under Defendant Lee Sementilli's supervision for one year before returning to Amato Pharmacy.

19.     During that time, Defendant Lee Sementilli racially harassed Mr. Boyd and the sole other black employee, a pharmacist.

20.     For example, Defendant Lee Semenelli called Mr. Boyd a number of names in Italian. One such name translates to "burnt toast," which is recognized as a racial epithet.

21.     Another such name Defendant Lee would call Mr. Boyd was "mamaluke", a common Italian phrase for a foolish person that is often an insult against one's masculinity.

22.     Defendant Lee Sementelli would also refer to Black customers, the majority of whom were strangers to Mr. Boyd, as Mr. Boyd's "cousins."

23.     Defendant Lee Sementilli would also call the other Black employee a name ending in "zoo," which Defendant Lee Sementilli said was because he "looks like a gorilla."

24.     Mr. Boyd also heard Defendant Lee Sementilli refer to Black people as "niggers" on numerous occasions. For example, Defendant Lee Sementilli would talk about "niggers in the neighborhood" and state that "niggers are always stealing."

25.     After Mr. Boyd returned to work at Amato Pharmacy, when Defendant Lee Sementelli would stop by, Defendant Sementilli would Mr. Boyd, "You're still working here? I thought you'd have been fired."

26.     In 2016, after returning to Amato Pharmacy, Mr. Boyd was given the title of Store Manager. Mr. Boyd's primary responsibilities remained the same and he spent the vast majority of his time: stocking shelves, taking orders, working the cash register, cleaning the floors and basement, and arranging window displays.  Any managerial authority Mr. Boyd exercised was limited to assigning duties to employees. Mr. Boyd did not have authority to hire or fire employees.

27.     While assigned to Amato Pharmacy, until Tony Sementilli's death in October 2021, Mr. Boyd worked six to seven days per week. Mr. Boyd worked eleven hours per day Monday through Friday, he worked nine hours on Saturday, and he worked seven hours if he worked on Sundays. During this time, Mr. Boyd worked approximately 24 to 31 hours of overtime per week without being paid time and a half wages for those hours. Nor did Mr. Boyd receive "spread of hours" wages for the hours worked in excess of ten per day.

28.    While Tony Sementilli was still the owner of the Sementilli Pharmacies, Mr. Boyd received consistent and incremental raises. Although the standard raise was $1 or $1.50 per hour, in May 2021 Tony Sementilli told Mr. Boyd he was getting a $2 raise, to $22 per hour, because he was "doing a great job." In October 2021, Tony Sementilli again praised Mr. Boyd's work and promised another $2 raise in January 2022.

29.    In late October 2021, Tony Sementilli died, and Defendant Lee Sementilli took over as owner of the Sementilli Pharmacies.

30.    When Defendant Lee Sementilli took over, he cut Mr. Boyd's hours, reducing them to 38 hours per week. Despite this reduction, Mr. Boyd continued to work 11 hours per day two days per week. During this time, Mr. Boyd did not receive "spread of hours" wages.

31.    After Defendant Lee Sementilli became owner, he reassigned Mr. Boyd to different, often degrading tasks. For example, Defendant Lee Sementilli had Mr. Boyd clean and scrape gun off the floors.

32.    On December 29, 2021, while Mr. Boyd was dealing with a customer, Defendant Lee Sementilli called him on the phone. Defendant Lee Sementilli told Mr. Boyd, "Starting January 1, I don't need you anymore." When Mr. Boyd referred to retaining legal counsel, Defendant Lee Sementilli responded, "Okay, then leave now." December 29, 2021 was Mr. Boyd's last day working at the Sementilli Pharmacies.

33.    Defendant Lee Sementilli had never raised any issues with Mr. Boyd's work, and in fact complimented his work on numerous occasions.

34.    Mr. Boyd was replaced at Amato Pharmacy by a white Hispanic man.

35. When Mr. Boyd left Amato Pharmacy, he had accrued unused sick and vacation days. Defendants refuse to pay Mr. Boyd for these days. The Sementilli Pharmacies have policies of paying employees for unused sick and vacation days when they leave their positions.

36. After Defendant Lee Sementilli fired Mr. Boyd, Mr. Boyd broke down crying in his car. Mr. Boyd has been unable to sleep since then and has not had an appetite. Because of the Omicron pandemic surge, Mr. Boyd has not been able to reach anyone to set up unemployment benefits, nor has he been able to find steady work.

## FIRST CLAIM FOR RELIEF
(Race Discrimination in Violation of 42 U.S.C. §1981)

37. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

38. Defendants discriminated against Plaintiff in the terms and conditions of his employment by creating a hostile work environment and terminating Plaintiff because of his race in violation of 42 U.S.C. §1981.

## SECOND CLAIM FOR RELIEF
(Race Discrimination in Violation of NYCHRL—hostile work environment)

39. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

40. Defendants discriminated against Plaintiff in the terms and conditions of his employment by creating a hostile work environment Plaintiff because of his race in violation of NYCHRL.

**THIRD CLAIM FOR RELIEF**
(Race Discrimination in Violation of NYCHRL—adverse employment action)

41.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

42.     Defendants discriminated against Plaintiff in the terms and conditions of his employment by taking adverse employment action against and terminating Plaintiff because of his race in violation of NYCHRL.

**FOURTH CLAIM FOR RELIEF**
(Failure to pay overtime in violation of FLSA)

43.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

44.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

45.     At all times relevant to this action, Plaintiff was engaged in commerce and/or Defendants Sementelli Pharmacies were enterprises engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

46.     Plaintiff regularly worked in excess of 40 hours per week for Defendants.

47.     Defendants willfully failed to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

48.     Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendant, jointly and severally, her unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## FIFTH CLAIM FOR RELIEF
(NEW YORK LABOR LAW, §§ 190 et seq, 650 et seq)

49.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein

50.     At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2, 190 and 651.

51.     Defendants willfully violated the rights of Plaintiff by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq, and its regulations, N.Y.C.R.R. § 142-2.2.

52.     Defendants willfully violated the rights of Plaintiff by failing to pay him an additional hour of pay for each hour worked in excess of ten in one day, in violation of the New York Minimum Wage Act and its regulations, N.Y.C.R.R. § 142-2.4.

53.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, his unpaid "spread of hours" wages, his unpaid wages, liquidated damages, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor regulations.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

WHEREFORE, Plaintiff demands judgment against Defendants:

A. Awarding Plaintiff injunctive relief in the form of an order requiring Defendants to reinstate Plaintiff to his former position and to refrain from harassing him thereafter;

B.  Awarding Plaintiff lost wages and compensatory damages including damages for

emotional distress;

C.  Awarding Plaintiff unpaid overtime and unpaid wages;

D.  Awarding Plaintiff liquidated damages under FLSA;

E.  Awarding Plaintiff liquidated damages under NYLL;

F.  Awarding Plaintiff punitive damages;

G.  Awarding reasonable attorneys' fees, costs, and expenses; and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just

and equitable.


Dated:       New York, New York
             January  24, 2022


                          GISKAN, SOLOTAROFF & ANDERSON LLP


                                  /s/
                  By:    Jason L. Solotaroff
                         David O'Brien (pending admission)
                         jsolotaroff@gslawny.com
                         dobrien@gsalawny.com
                         (212) 847-8315
                         90 Broad Street
                         New York, New York 10004
                         *ATTORNEYS FOR PLAINTIFF*